UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELLAPINO BALLARD,

                                      Plaintiff,

  -v.-                                                                     1:06-CV-1285
                                                                                   (GLS)(DRH)

ST. PETER'S RECOVERY CENTER,

                                        Defendant.
_____

APPEARANCES:

DELLAPINO BALLARD
05-R-2261
Plaintiff, *pro se*

GARY L. SHARPE, U.S. District Judge

## **DECISION and ORDER**

By Decision and Order dated January 29, 2007 ("January Order"), the action filed by plaintiff Dellapino Ballard was dismissed.[1]  Dkt. No. 11. Judgment was entered thereon on January 29, 2007 ("Judgment").  Dkt. No. 12.  By Order dated February 28, 2007, this Court granted Ballard an extension of time to appeal the January Order to the Second Circuit Court of Appeals.  Dkt. No. 14.  Plaintiff has not yet filed his notice of appeal.

---

[1] Ballard's § 1983 claim was dismissed for failure to state a claim upon which relief may be granted because he failed to allege state action on the part of the defendant.

Presently before the Court is a Motion for Reconsideration of the January Order and the Judgment.[2]  Dkt. No. 15.

In support of his motion for reconsideration, Ballard asserts that while he "failed to claim the Defendants, by their Names," he did state "a claim." Dkt. No. 15 at 2.  Ballard states that he should be able to provide the names of the doctor and nurse who treated him at St. Peter's Recovery Center and provides the Court with a copy of an amended complaint.  *Id.* at 3, 4.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Services.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  Furthermore, a motion for

---

[2]  The Court notes that Ballard failed to sign the Motion as is required by Rule 11 of the Federal Rules of Civil Procedure.

reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citation omitted). In this case, Ballard essentially seeks permission to amend his complaint to add new defendants. This action was dismissed because Ballard failed to allege state action on the part of the defendant. Ballard does not suggest in his Motion for Reconsideration that these new defendants he wishes to name are state actors. Because Ballard has not established any of the above-cited factors relative to his Motion, and has not met the strict standard required for reconsideration, the request is denied.

     WHEREFORE, it is hereby

     ORDERED, that Ballard's Motion for Reconsideration (Dkt. No. 15) of the January Order is **DENIED**, and it is further

     ORDERED, that the Clerk provide a copy of this Order to Ballard.

IT IS SO ORDERED.

March 8, 2007
Albany, New York

*/s/ Gary L. Sharpe*
United States District Court Judge

3